HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
DOUGLAS H. BARTON - 42698
dbarton@hansonbridgett.com
MOLLY A. LEE - 232477
mlee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
JEFF WEINER, JEFFREY FERNANDEZ AND THE
REGENTS OF THE UNIVERSITY OF CALIFORNIA FOR
ITS LAWRENCE BERKELEY NATIONAL
LABORATORY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BERNARD JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF WEINER; RICHARD FERNANDEZ; LAWRENCE BERKELEY NATIONAL LABORATORY; SECRETARY OF THE DEPARTMENT OF ENERGY,<br><br>  Defendants. | No. C 07-2180 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER DISMISSING ALL CLAIMS WITH LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT**<br><br>Judge: Honorable Jeffrey S. White<br>**Trial Date: None set** |

## SUMMARY OF ACTION REQUESTED AND THE BASIS FOR IT

Plaintiff HENRY BERNARD JONES ("Plaintiff"), Defendant the Regents of the University of California ("the University") for itself and the Lawrence Berkeley National Laboratory ("LBNL") and individual defendants Jeff Weiner and Jeffrey Fernandez (erroneously sued as Richard Fernandez) ("Individual Defendants") have met and conferred to address legal deficiencies in the claims alleged in the *pro se* complaint initially filed in State Court and then removed to this Court, before Plaintiff retained counsel.

The parties have agreed that the Defendants would likely prevail in a Motion for Judgment on the Pleadings as to all claims as alleged. The parties have also agreed that Plaintiff,

- 1 -

1  if given leave to amend, could allege a legally sufficient race discrimination claim against the
2  University under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e, *et
3  seq.*, for the University job at LBNL that Plaintiff claims he was denied because of his race.  The
4  parties enter into this stipulation so that, with the Court's approval, these issues may be resolved
5  expeditiously and efficiently.

**A.    PROCEDURAL HISTORY**

7    1.    On or about March 23, 2007, Plaintiff, appearing in *pro se*, filed the Complaint in
8  the above-referenced matter in Superior Court of California, County of Alameda against the
9  Secretary of the U.S. Department of Energy, LBNL, and the Individual Defendants.

10    2.    The Secretary of the U.S. Department of Energy removed the case to the United
11  States District Court on April 19, 2007 and answered the Complaint on April 26, 2007.  In
12  removing the case, the Secretary of the U.S. Department of Energy erroneously also moved on
13  behalf of LBNL, which is not a legal entity, and thus not a proper defendant in this action.  The
14  University, on behalf of LBNL, and the Individual Defendants answered the Complaint on May 8,
15  2007.

16    3.    Plaintiff, after retaining counsel, dismissed the Secretary of the U.S. Department of
17  Energy pursuant to Federal Rule of Civil Procedure 41(a) on August 31, 2007.

**B.    STIPULATION AND [PROPOSED] ORDER**

19    The parties stipulate and hereby request that the Court dismiss with prejudice all causes of
20  action against LBNL and the Individual Defendants pursuant to Federal Rule of Civil Procedure
21  41(b) with leave for Plaintiff to file the [Proposed] First Amended Complaint, attached hereto as
22  Exhibit A, which alleges a claim for race discrimination under Title VII against the University
23  only.
24  IT IS SO STIPULATED.

- 2 -
STIPULATION AND [PROPOSED] ORDER (CASE NO. C 07-2180 JSW)            1359029.1

October 30, 2007 By: /s/ Michael J. Reed
                                            MICHAEL J. REED
                                            Attorney for Plaintiff
                                            HENRY BERNARD JONES

September ___, 2007           HANSON, BRIDGETT, MARCUS, VLAHOS & RUDY, LLP

By: _____
        DOUGLAS H. BARTON
        MOLLY A. LEE
        Attorneys for Defendant
        THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

## [PROPOSED] ORDER

IT IS HEREBY ORDERED, based upon the stipulation of the parties, that defendants Lawrence Berkeley National Laboratory, Jeff Weiner and Jeffrey Fernandez (erroneously sued as Richard Fernandez) are dismissed from this action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is granted leave to amend and may file his [Proposed] First Amended Complaint alleging a claim for race discrimination under Title VII against the University only.

By: _____
        THE HONORABLE
        JEFFREY S. WHITE

| | | |
|---|---|---|
| 1 | | |
| 2 | October 30, 2007 | By: /s/ Michael J. Reed |
| 3 | | MICHAEL J. REED |
| | | Attorney for Plaintiff |
| 4 | | HENRY BERNARD JONES |
| 5 | ~~September ___, 2007~~ | HANSON, BRIDGETT, MARCUS, VLAHOS & |
| 6 | October 31, 2007 | RUDY, LLP |
| 7 | | By: /s/ Molly A. Lee |
| 8 | | DOUGLAS H. BARTON |
| | | MOLLY A. LEE |
| 9 | | Attorneys for Defendant |
| 10 | | THE REGENTS OF THE UNIVERSITY OF CALIFORNIA |

[~~PROPOSED~~] ORDER

IT IS HEREBY ORDERED, based upon the stipulation of the parties, that defendants Lawrence Berkeley National Laboratory, Jeff Weiner and Jeffrey Fernandez (erroneously sued as Richard Fernandez) are dismissed from this action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is granted leave to amend and may file his [Proposed] First Amended Complaint alleging a claim for race discrimination under Title VII against the University only.

Dated: November 1, 2007

By: /s/ Jeffrey S. White
THE HONORABLE
JEFFREY S. WHITE

- 3 -

STIPULATION AND [~~PROPOSED~~] ORDER (CASE NO. C 07-2180 JSW)   1359029.1

# EXHIBIT A

LAW OFFICES OF MICHAEL J. REED
Michael James Reed, State Bar Number 122324
60 Creek Tree Lane
Alamo, CA 94507
Telephone: (925) 743-8353
Facsimile: (734) 468-6168

Attorney for Plaintiff HENRY BERNARD JONES

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BERNARD JONES<br><br>Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1-50,<br><br>Defendants. | Case No. C 07-2180 JSW<br><br>PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL |

PLAINTIFF, HENRY BERNARD JONES ALLEGES AS FOLLOWS:

### FIRST CAUSE OF ACTION

**(Plaintiff HENRY BERNARD JONES' First Cause of Action for Employment Discrimination On The Basis of Race by Employer- Refusal to Hire [42 USCA §§ 2000e et seq.] against Defendant Regents of the University of California and DOES 1-50)**

1. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USCA §§ 2000e et seq. Jurisdiction of this Court is invoked pursuant to 42 USCA §§ 2000e et seq. The jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by 42 USCA §§ 2000e et seq. providing for relief against racial, religious, national origin and sex discrimination in employment.

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT
DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL

-1-

2. Plaintiff, HENRY BERNARD JONES (hereinafter "plaintiff") is a 70 year old African-American male citizen of the United States and the State of California and is a resident of the City of Oakley, County of Contra Costa.

3. The true names and/or capacities, whether individual, corporate or associate or otherwise, of a defendant named in this action as Does 1 through 50 inclusive are unknown to plaintiff at this time; therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to show their true names and capacities upon discovery of same. Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

4. Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor in interest of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

5. The unlawful employment practices complained of herein were committed within the State of California in Alameda County.

6. Plaintiff is informed and believes and thereon alleges that Defendant, Regents of the University of California (hereinafter "REGENTS") is a public entity and an "employer" within the meaning of 42 USCA §§ 2000e(b) and employs more than 2,000 people. Plaintiff is informed and believes and thereon alleges that REGENTS operates a laboratory facility known as the ERNEST ORLANDO LAWRENCE BERKELEY NATIONAL LABORATORY (LBNL) in Berkeley, California.

7. Plaintiff is informed and believes and thereon alleges that Jeff Weiner (WEINER) and Richard Fernandez (FERNANDEZ) at all times herein mentioned, in doing the things herein alleged, were acting

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL

-2-

within the course and scope of their employment with REGENTS and in their capacities as managers and supervisors employed by REGENTS.

8. Throughout the period that plaintiff sought employment with REGENTS, REGENTS acting through its agents and plaintiff's managers, supervisors set forth above and others engaged in intentional acts with the intent of discriminating against plaintiff on account of his race in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 USCA §§ 2000e et seq..

9. In or about November 2004 REGENTS posted a job opening description and was actively seeking applicants for the available position of Senior Manager, Procurement and Property Department at its ERNEST ORLANDO LAWRENCE BERKELEY NATIONAL LABORATORY (LBNL) in Berkeley, California. In or about November 2004 plaintiff applied for the available position of Senior Manager, Procurement and Property Department and was summarily rejected for employment by REGENTS. Plaintiff is informed and believes and thereon alleges that he was denied the position of Senior Manager, Procurement and Property Department because of his race (African-American). At the time plaintiff applied for the available position of Senior Manager, Procurement and Property Department, plaintiff was qualified for the position.

10. In June of 2005, the position of Senior Manager, Procurement and Property Department was filled by another applicant, said applicant believed by plaintiff to be substantially less qualified and favored because of his race by REGENTS.

11. Since June 2005 plaintiff has sought some explanation from REGENTS of REGENTS summary rejection of plaintiff's application for the position of Senior Manager, Procurement and Property Department but has yet to receive a response from REGENTS that plaintiff believes to be fair and reasonable.

12. At all times pertinent hereto, including the present time, plaintiff is able and available to go to work for REGENTS and remains qualified and/or qualifiable for positions which are available or were filled by employees of other than African-American race.

13. REGENTS subjected plaintiff to differential treatment and denied him equal opportunities for hiring and employment because of his race (African-American). REGENTS made its employment decisions

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL

-3-

related to hiring and employment on the basis of completely subjective analysis, in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc. No objective standards were used for hiring and employment. REGENTS' decision making process related to employment and hiring was a primary source of discrimination which resulted in an improper denial of employment and hiring opportunities to African-American employees, and in particular to plaintiff.

14. REGENTS subjected plaintiff to differential terms and conditions of employment because of his race. These differential terms and conditions of employment included but were not limited to employment and hiring practices not experienced by similarly situated Caucasian employees, or employees whose race and national origin were different than that of plaintiff.

15. As a result of REGENTS' policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race.

16. REGENTS' discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 USCA §§ 2000e et seq.

17. As a proximate result of REGENTS' discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had he been hired into the position of Senior Manager, Procurement and Property Department. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

18. As a further proximate result of REGENTS' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

19. As a proximate result of REGENTS' discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL

-4-

employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of REGENTS, and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

20. All conditions precedent to jurisdiction under 42 USCA §§ 2000e et seq. have occurred or been complied with. A timely charge of discrimination was filed with the Equal Employment Opportunity Commission and a Notification of Right to Sue was received from the Equal Employment Opportunity Commission on or about December 27, 2006, this complaint was originally filed within 90 days of receipt of the Notification of Right to Sue.

WHEREFORE, plaintiff prays for judgment as follows:

1. Compensatory damages for back pay, according to proof,
2. Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,
3. For medical and related expenses according to proof,
4. For loss of earnings according to proof,
5. For compensatory damages for race discrimination according to proof,
6. For reasonable attorney fees and for costs of suit incurred; and
7. For such other and further relief as the Court may deem proper and just.

//
//

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Plaintiff HENRY BERNARD JONES requests a trial by jury on all causes of action.

Dated: October 30, 2007

Michael J. Reed
Attorney for Plaintiff HENRY BERNARD JONES

(D241.005)

PROPOSED FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; AND REQUEST FOR JURY TRIAL